429 A.2d 718

COMMONWEALTH of Pennsylvania

v.

Gregory JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed May 15, 1981.

Petition for Allowance of Appeal Denied Oct. 2, 1981.

60

Leonard Sosnov, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the defendant-appellant, from a judgment of sentence and denial of post-trial motions by the Court of Common Pleas of Philadelphia County, Criminal Trial Division, after the defendant was convicted non-jury of possessing an instrument of crime generally, possessing an instrument of crime—weapon, prohibited offensive weapon, conspiracy, and robbery. On appeal, the defendant claims that his counsel was ineffective.

The facts of the case were adequately summarized by the court below as this:

"On May 19, 1976, while employed at the Tilden Food Market, 3539 Vaux Street, Philadelphia, Russell Block was approached by a man for "Shake and Bake" to make gravy. Mr. Block answered that the "Shake and Bake" was kept at the other end of the counter and continued to do his work. A second man came from behind the counter and pointed a gun at Mr. Block. The man was advised to be quiet and turn around. He then took Thirty-one ($31) Dollars in bills from one of Mr. Block's pockets and an unknown amount from another pocket. Mr. Block was then told to remove his pants. This second man was later identified by Mr. Block as the defendant.

"Sandra Rutherford, another employee, testified that she was standing on boxes cleaning shelves when the holdup was announced. She was made to lie on the floor along with Mr. Block and a Mr. Parker (who was also in the store). All three were then put into the store's refrigerator. Miss Rutherford testified that she heard someone trying to get into the cash register while they were in the refrigerator. Mr. Parker, Mr. Block and Miss Rutherford remained in the refrigerator until they heard an entering customer call out, "Is anybody here?" After the defendant and his accomplices left, the employees found the cash register open and the change bin to the register lying on top of the counter. Approximately Two Hundred Fifty ($250) Dollars and a check made out to Tilden Food Market were removed. Four (4) cartons of menthol cigarettes, mints and lifesavers were also taken.

"Meanwhile, Officer Helmetag, Badge No. 6850, who was only one and one-half (1½) blocks away from the scene, received a radio call that three (3) Negro males were acting suspiciously in the area and that one was carrying a brown paper bag. As he approached the store he saw two (2) black males exiting the store, one with a brown paper bag. When the officer called to the men to come over to the car, both bent slightly down. The defendant threw something to the ground which at that point appeared to be a gray barrel. The other man also dropped something at the same location, although the officer could not tell what it was at the time. The defendant threw the brown paper bag at Officer Helmetag and both suspects ran. The defendant was able to escape by running North on Vaux Street and East on Queen Lane. Officer Helmetag apprehended the other male, later identified as James Coffer. Simultaneous to the officer describing the defendant via police radio, someone ran out the store and announced that he caught one of the men who held up the store minutes before.

"Officer Davenport, Badge No. 1713 and Officer Martino, Badge No. 9752, responded to Officer Helmetag's radio information and arrived at the scene within 1 or 2 minutes

of the call. Officers Martino and Davenport took Mr. Coffer into custody and transported him to Northwest Detective Headquarters. During this time, Officer Helmetag searched and found that the items thrown to the ground by the defendant and Mr. Coffer were a fully loaded .22 caliber pistol, a fully loaded .32 caliber pistol and a paper bag containing menthol cigarettes. He entered the store and was again told that a holdup occurred. Mr. Parker identified Mr. Coffer as one of the men involved. Through police radio, Officer Helmetag put out a description of a damaged 1966 Malibu involved in the holdup.

"Officer Harris, Badge No. 2069, responded to the radio call which gave the description of the car. As the officer approached the area, he saw a car fitting the description. The driver of the car gave his name as Russell James and stated that the car was his. Mr. James was placed under arrest after the officer saw a brown paper bag on the floor containing change, lifesavers and a check on the floor.

"Officers Martino and Davenport resumed patrol of the holdup scene within minutes of transporting James Coffer to Northwest Detectives. At approximately 1:30 they apprehended a black male walking out an alleyway behind the 3300 block of Queen Lane, one block from Tilden Food Market. The apprehended suspect fit the description of the defendant that Officer Helmetag gave over police radio. This male was also taken to Northwest Detectives by Officers Martino and Davenport. By this time, Officer Helmetag was at Northwest Detectives processing the first suspect, James Coffer. Officer Helmetag identified the defendant as the suspect who escaped him earlier as soon as the defendant entered the room with Officer Martino. In a frisk, money was taken from the defendant's left jacket pocket and Thirty-one ($31) Dollars was found in his waistband."

The defendant claims that his counsel was ineffective in failing *to argue* at a suppression hearing (at which the identification testimony of the witnesses in the store was challenged) that said identification testimony should have

been suppressed as the result of an unlawful arrest of the defendant because the defendant was apprehended 1 & ½ blocks from the scene of the crime by an officer who had only a "meager" description of him thereby rendering the arrest unlawful. The defendant's counsel had attempted to suppress the identification of the defendant but claims that his counsel was ineffective for failing to move to suppress the $31 taken from the victim Block and found in the defendant's possession. This argument is specious. Defendant's arrest 1 & ½ blocks from the scene was lawful. The officer had a description of the culprit as being a Negro male, 5'7" to 5'8" tall, weighing 150 pounds and wearing a black medium length coat with black pants. The defendant fit this description. His arrest was lawful and, more importantly, his counsel was not ineffective in failing to argue that the $31 should have been suppressed.

The defendant also claims that his counsel was ineffective in failing to raise the issue that the identification testimony of Russell Block should have been suppressed in the post-trial motions. This issue has no merit since Block, as one of the victims of the robbery, had sufficient opportunity to observe the defendant during the robbery to permit his in-court identification of the defendant. Defendant's counsel had challenged the identification testimony at a post-trial hearing and his failure to raise a non-meritorious issue during post-trial motions does not amount to ineffective assistance of counsel.

The defendant also claims that his counsel was ineffective for failing to move for a mistrial when the prosecutor, in his opening remarks, stated that a witness, Parker, would identify the defendant as one of the perpetrators of the crime when Parker did not so identify the defendant and did not even testify. This issue has no merit. A prosecutor's opening address is improper only where he refers to proffered evidence which he knows will not be available. Absence of a good faith and reasonable basis for believing that such evidence would be available is necessary before we will hold that a defendant is entitled to a new

trial based upon prosecutorial misconduct in making an opening statement. *Commonwealth v. Farguharson,* 467 Pa. 50, 354 A.2d 545 (1976). Besides this was a non-jury trial and sufficient identification evidence of the defendant was presented by the Commonwealth to enable the trial court to find as it did and we are convinced that the prosecutor's opening reference to Parker's ability to identify the defendant did not sway the trial court in its decision. Counsel was not ineffective in failing to move for a mistrial on this basis.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.